15-2829-cr
United States v. Jenkins

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of August, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             SUSAN L. CARNEY,
                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                   *Appellee,*

             v.                                               15-2829-cr

SHAEEN C. JENKINS, AKA SHAEEM CRAIG JENKINS, AKA
RAHEEM BLUE, AKA RAHEEM JENKINS, AKA BLUE JENKINS,
AKA SHAEEM C. JENKINS, AKA LUSHEEM JENKINS, AKA
SHAEEM JENKINS, AKA JENKINS RAHEEM, AKA SHAEEN JENKINS,

                   *Defendant-Appellant*.

_____

Appearing for Appellant:     David L. McColgin, Assistant Federal Public Defender, *for*
                             Michael L. Desautels, Federal Public Defender for the District of
                             Vermont.

Appearing for Appellee:      Jonathan Ophardt, Assistant United States Attorney (Abigail E.
                             Averbach. Gregory L. Waples, Assistant United States Attorneys,

*on the brief*), *for* Eric S. Miller, United States Attorney for the District of Vermont.

Appeal from the United States District Court for the District of Vermont (Crawford, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Shaeen C. Jenkins appeals from the August 27, 2015 judgment of conviction entered against him in the United States District Court for the District of Vermont (Crawford, *J.*) for possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a), (b)(1)(C). Although Jenkins entered a guilty plea, he reserved the right to seek appellate review of the district court's denial of his suppression motion. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On September 15, 2014, Jenkins was subject to a brief investigatory detention, commonly known as a "*Terry* stop." *See Terry v. Ohio*, 392 U.S. 1 (1968). Drug Enforcement Agency ("DEA") Task Force Officer Daniel Merchand and DEA Special Agent Timothy Hoffmann had been conducting surveillance of a Motel 6 in Colchester, VT, where local, state, and federal law enforcement had conducted numerous "controlled purchases" of narcotics and surveillance of illegal narcotics distribution in the area. Merchand and Hoffmann testified at trial that they noticed a white Chevrolet Malibu enter the Motel 6 parking lot. Shortly thereafter, a dark blue Chevrolet pick-up truck entered the parking lot, parking directly alongside the Malibu. The driver of the pick-up truck exited his vehicle and entered the rear passenger-side door of the Malibu. Merchand and Hoffmann testified that, based on their training and experience, this pattern of activity was consistent with that of out-of-state drug dealers distributing narcotics. After deciding to investigate, Merchand and Hoffmann drove their unmarked SUV into the parking lot and parked it directly behind the Malibu.

Merchand and Hoffmann then approached the Malibu on foot. Merchand made contact with the driver, later identified as Timothy Hatgen, while Hoffmann made contact with the passenger, later identified as Jenkins. Merchand told Hatgen to keep his hands on the steering wheel, both agents showed their DEA badges, and Hoffmann told Jenkins to keep his hands visible. After Jenkins identified himself as "Shaeen," Merchand asked if his last name was "Jenkins," and Jenkins said it was. Merchand testified that Merchand then "jokingly said, oh, is this V or Blue?" App'x at 69. Merchand had been previously told by a confidential informant that the informant had purchased drugs from individuals from New York known as "V" and "Blue," and that the informant expected them to be coming to Vermont with eighty grams of cocaine base. Merchand did not know the identity of "Blue," but based on information gathered during a traffic stop conducted by Vermont State Police on September 11, 2014, Merchand speculated Jenkins may be "Blue." Merchand testified that Jenkins appeared "surprise[d]" by his question and that Merchand interpreted Jenkins's look of surprise as "shock[]" that Merchand "knew what his name was." App'x at 69.

Hoffmann then asked Jenkins if he would get out of the car and consent to a patdown for weapons. Hoffmann testified that Jenkins verbally consented and exited the vehicle. Hoffman

testified that he wanted to frisk Jenkins for officer safety because there were only two officers and he felt outnumbered, and that it was "pretty common for people that distribute narcotics to have weapons on them." App'x at 82. During the patdown of Jenkins, Hoffman felt something "somewhat round" and "very hard" beneath Jenkins's buttocks. App'x at 82. Merchand then advised Hoffman to handcuff Jenkins for safety. But when Hoffmann attempted to handcuff Jenkins, Jenkins turned around, struck Hoffmann with his right arm, and attempted to flee. Hoffmann was able to grab Jenkins, and, with the assistance of Merchand, handcuffed him. After Jenkins was taken to the Colchester Police Department, officers discovered what appeared to be crack cocaine on his hands, the rear of his jeans, and his underwear. Police eventually recovered eighteen grams of crack cocaine from Jenkins's person.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend iv. Regardless of whether the initial *Terry* stop, or the subsequent frisk of Jenkins, was reasonable under the Fourth Amendment, "[e]vidence is admissible when the connection between unconstitutional police conduct and the evidence . . . has been interrupted by some intervening circumstance, so that 'the interest protected by the constitutional guarantee that has been violated would not be served by suppression of the evidence obtained.'" *Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016) (quoting *Hudson v. Michigan*, 547 U.S. 586, 593 (2006)). Even assuming that the stop and frisk of Jenkins was unlawful, it was followed by Jenkins's illegal intervening act of striking Hoffmann. In short, because Jenkins could have been arrested for assaulting a law enforcement officer, an act in violation of 18 U.S.C. §§ 111(a) and (b), the evidence subsequently obtained from Jenkins's arrest is not subject to the exclusionary rule. Jenkins's assault was "a sufficient intervening event to break the causal chain between the [presumed] unlawful stop and the discovery of drug-related evidence on [Jenkins's] person." *Strieff*, 136 S. Ct. at 2061; *see also United States v. Dawdy*, 46 F.3d 1427, 1431 (8th Cir. 1995) (holding that "a defendant's response to even an invalid arrest or *Terry* stop may constitute independent grounds for arrest"). We reject Jenkins's claim that the link between the stop and the discovery of the cocaine was not attenuated because Hoffman discovered the cocaine before Jenkins assaulted him. Although Hoffmann had detected a "round" and "hard" object near Jenkins's buttocks prior to Jenkins's assault, the discovery that this object was indeed narcotics did not occur until after Jenkins's arrest.

For this reason, we need not consider whether the *Terry* stop, or the subsequent frisk of Jenkins, would have been lawful absent Jenkins's assault on Hoffmann's person. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3